THE SECOND NATIONAL BANK AND TRUST COMPANY AND GEORGE L. HUMPHREY, EXECUTORS AND TRUSTEES OF THE ESTATE OF ARTHUR D. EDDY, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31764. Promulgated May 21, 1931.

*H. A. Mihills, C. P. A.*, for the petitioner.
*R. F. Staubley, Esq.*, for the respondent.

OPINION.

TRAMMELL: The parties have stipulated that the only question before us for consideration and determination is the amount of the deduction, if any, to which the estate is entitled on account of the 4,687½ shares of stock of C. K. Eddy & Sons received by Arthur D. Eddy from the estate of his brother, Walter S. Eddy, but in no event to exceed the sum of $840,234.37.

The pertinent portions of the Revenue Act of 1924 are as follows:

SEC. 301. (a) In lieu of the tax imposed by Title IV of the Revenue Act of 1921, a tax equal to the sum of the following percentages of the value of the net estate (determined as provided in section 303) is hereby imposed upon the transfer of the net estate of every decedent dying after the enactment of this Act, whether a resident or nonresident of the United States:

\* \* \* \* \* \* \*

Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible wherever situated—

\*　　\*　　\*　　・\*　　\*　　\*　　\*

Sec. 303. For the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

(2) An amount equal to the value of any property (A) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, or (B) transferred to the decedent by gift within five years prior to his death, where such property can be identified as having been received by the decedent from such donor by gift or from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received. This deduction shall be allowed only where a gift tax or an estate tax under this or any prior act of Congress was paid by or on behalf of the donor or the estate of such prior decedent as the case may be, and only in the amount of the value placed by the Commissioner on such property in determining the value of the gift or the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate and not deducted under paragraph (1) or (3) of this subdivision.

Section 301 specifically imposes a tax on the transfer of the net estate of every decedent dying after the enactment of the Act. Section 302 prescribes how the gross estate shall be determined, while section 303 provides for certain deductions from the gross estate in determining the net estate. If the value of the shares of stock here in controversy is to be deducted from the gross estate, such shares of stock must come within the provisions of either (A) or (B) of section 303 (a) (2).

The petitioner states its contention in its brief as follows: " It is the contention of the petitioner that the shares in question were transferred to Arthur D. Eddy within five years of his death by inheritance and were received by him within said five years by inheritance, viz: on June 8th, 1920, by order of the probate court and that they are, therefore, exempt." The respondent contends that since the death of Arthur D. Eddy occurred more than five years after the death of Walter S. Eddy the shares of stock do not fall within the provisions of section 303 (a) (2). There is no question as to the shares of stock being identified as property taxed in the estate of Walter S. Eddy, or the value at which they were included in that estate.

In support of its contention the petitioner urges that the purpose of Congress in enacting the provisions of subdivision (B) of section 303 (a) (2) was to allow an heir at law the full use and benefit of his inheritance for five years before it would become taxable in his estate. The petitioner also urges that there is but one measure

of time in subdivision (B), and that is five years prior to the death of the last decedent instead of five years after the death of the first decedent and that measure of time applies to all of the provisions contained in the subdivision, whether it be merely a gift transferred to the decedent within five years of his death or transferred from such prior decedent by gift, bequest, devise, or inheritance within five years prior to the date of the last decedent's death. The petitioner further insists that a plain construction of subdivision (B) would be as follows: " or (B) transferred to the decedent by gift within five years prior to his death  *  *  *  or transferred (from such prior decedent by gift bequest, devise or inheritance) within five years prior to decedent's death."

Section 303 (a) (2) provides, with certain limitations, for the deduction from the value of the gross estate of an amount equal to the value of any property coming within either of two separate and distinct classes. The first of these classes is, to use the language of the Act, any property "(A) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent,  *  *  *  where such property can be identified as having been received by the decedent  *  *  *  from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received." The second class is any property "(B) transferred to the decedent *by gift* within five years prior to his death, where such property can be identified as having been received by the decedent from such donor *by gift*  *  *  *  or which can be identified as having been acquired in exchange for property so received." (Italics ours.)

In other words, what follows the clause "(B) transferred to the decedent by gift within five years prior to his death " refers to and modifies the respective preceding clauses set out as (A) and (B). The language " where such property can be identified as having been received by the decedent from such donor by gift " clearly refers to gifts, and the clause " or from such prior decedent by gift, bequest, devise, or inheritance " refers to property acquired from the prior decedent either by gift, bequest, devise, or inheritance. The word " gift " relates to a transaction *inter vivos*. The words " bequest, devise, or inheritance " relate to property passing from the dead to the living. We think that the purpose and meaning of the section is that property passing from the dead to the living is governed by the subdivision (A), that is within five years from the death of the prior decedent, and property passing *inter vivos* is governed by clause (B), that is within five years prior to the present decedent's death.

In the case of property passing from the dead to the living it is immaterial when the present decedent actually received it or when it was actually transferred by distribution. The only question is, Did the prior decedent die within five years prior to the death of the present decedent? In the case of "gifts" the only question is was the property "transferred" to the present decedent within five years prior to his own death. The 1921 Act included only what is in subdivision (A) of the 1924 Act. The provision relating to gifts was added by 1924 Act.

From the stipulated facts it is clear that the shares of stock here in controversy were not transferred by Walter S. Eddy to Arthur D. Eddy *by gift*. The petitioner does not contend that they were and concedes that they were received by Arthur D. Eddy by inheritance. The deductibility of any value on account of them is therefore controlled by the provisions of the section relating to property received by inheritance. In order for any deduction to be allowable on account of property received by inheritance, the death of the prior decedent must have occurred within five years prior to the death of the present decedent. This is in accordance with the plain language of the statute. In the instant case, Walter S. Eddy, the prior decedent, died on August 4, 1918, while Arthur D. Eddy, the present decedent, died on April 22, 1925. More than six years had elapsed between the deaths of the two decedents. This being true, we are of the opinion that the value of the 4,687½ shares of the stock of C. K. Eddy & Sons received by Arthur D. Eddy from the estate of Walter S. Eddy pursuant to the order of the probate court of June 8, 1920, is not to be deducted from the value of the gross estate in determining the value of the estate of Arthur D. Eddy, subdivision (a) (2) (B) of section 302 relating to property acquired by gift.

The petitioner urges that any uncertainty or ambiguity in the provisions of section 303 (a) (2) is to be resolved in its favor, since uncertain or ambiguous revenue laws imposing taxes are to be strictly construed in favor of the taxpayer, and that every doubt and ambiguity in the law must be resolved in the taxpayer's favor. While we recognize the rule that ambiguities in laws imposing taxes are to be resolved in favor of taxpayers, the rule is not applicable here. We find no ambiguity or uncertainty in the provisions of that portion of the section here involved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*